IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

    Plaintiff,   No. CIV S-06-0544 FCD PAN PS

    vs.

UNITED STATES GOVERNMENT,   <u>ORDER</u> and

    Defendant.   <u>FINDINGS AND RECOMMENDATIONS</u>

/

    Plaintiff proceeds in pro se and seeks authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This action was referred to this court by Local Rule 72-302(c)(21).

    Plaintiff's affidavit demonstrates he is unable to prepay fees and costs or give security thereof. Accordingly, plaintiff's March 15, 2006 application to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

    A federal court must dismiss the complaint of a plaintiff proceeding in forma pauperis if at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii). In addition, the complaint

1

must demonstrate the court's jurisdiction and comply with general rules of pleading as set forth in Fed. R. Civ. P. 8(a).

A complaint, or portion thereof, should only be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint seeks "five trillion dollars" from the U.S. Government for the denial of medical treatment to plaintiff after he was beaten during an armed robbery in 1980. The complaint and attached "statement of non-medical treatment" allege that the beating occurred upon plaintiff's release from a California prison; that plaintiff reported the matter (and submitted a five-page handwritten document) to the local police department; that an officer escorted plaintiff to a nearby hospital where a physician explained "there was nothing they could do" and advised plaintiff to "sleep in that employee's car, which was in the Parking Lot;" that when plaintiff woke up the next day "after passing out," he was left with a permanent scar attributable to his lack of treatment. The complaint also alleges that plaintiff's imprisonment was due to his mistaken belief he could break the law after witnessing the shooting death of his father by plaintiff's brother without legal repercussion.

This complaint, like many of plaintiff's prior complaints filed in this court, fails to state a claim upon which relief may be granted. Plaintiff's claims are legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and

"inarguable legal conclusion[s]").  Amendment of the complaint would not cure these deficiencies.   The complaint should therefore be dismissed with prejudice.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's March 15, 2006 application to proceed in forma pauperis is granted.

    Additionally, IT IS HEREBY RECOMMENDED that:

    1. Plaintiff's complaint filed March 15, 2006, be dismissed with prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   March 21, 2006.

                UNITED STATES MAGISTRATE JUDGE

006:fall0544.ord&fr